Filed 9/16/14  In re S.K. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re S.K., et al., Persons Coming Under the Juvenile Court Law. | B253199 (Los Angeles County Super. Ct. No. CK73668) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STACY K.,<br><br>    Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Amy M. Pellman, Judge.  Reversed and remanded with directions.

Kate M. Chandler, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Navid Nakhjavani, Deputy County Counsel, for Plaintiff and Respondent.

_____

Stacy K. (father) appeals from a judgment following the juvenile court's order terminating his parental rights to J.M., Ja.K., and Hazel K. (the children). (Welf. & Inst. Code, § 366.26.)[1] He contends that the juvenile court failed to comply with the notice requirements of the Indian Child Welfare Act (ICWA).

We agree with father that notice was deficient. That error compels a limited reversal of the juvenile court's order terminating father's parental rights. The matter is remanded back to the juvenile court for compliance with the ICWA's notice requirements.

## FACTUAL[2] AND PROCEDURAL BACKGROUND

*Detention; Original ICWA Notice*

On June 13, 2011, the Riverside County Department of Public Social Services (DPSS) filed a petition on behalf of the children. According to the detention report, the children were not Indian children;[3] both parents denied Indian heritage.

On June 14, 2011, the juvenile court held a detention hearing. Father was not present at the hearing because he was in the hospital. But, father's sister, Wanda K. (Wanda), was present. She advised the juvenile court that there was Cherokee heritage in the family. The juvenile court ordered DPSS to give ICWA notice to the Cherokee Nation. It also ordered the parents to complete various ICWA forms.

The children were detained.

On August 17, 2011, the juvenile court sustained the petition, as amended; it declared the children dependents and removed them from their parents' care. Regarding

---

[1]    All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2]    Since father only raises an ICWA notice error, the factual summary is largely focused on facts related to ICWA compliance.

[3]    The detention report indicates that "on July 17, 2008, the Court found that ICWA does not apply to this case." Although there was an appeal from the juvenile court's October 2008 jurisdictional and dispositional orders, father did not challenge the juvenile court's ICWA findings. (*In re S.K. v. S.K.* (June 8, 2009, B211705) [nonpub. opn.].)

the ICWA, the juvenile court found that "there was good ICWA notice." It further found that "[t]here is reason to know that an Indian child is/are involved and [DPSS] has provided notice to all identified tribes and/or [the] Bureau of Indian Affairs . . . , as required [¶] by law. [P]roof of such notice must be filed with this court. ICWA may apply." (Emphasis omitted.)

*Transfer to Los Angeles*

On November 17, 2011, the juvenile court ordered the case transferred to Los Angeles County.

*Subsequent Hearings; Section 366.26 Hearing*

The case proceeded in Los Angeles. The juvenile court held the six-month review hearing[4] and the 12-month review hearing,[5] and then set a section 366.26 hearing. In its section 366.26 report, DCFS reiterated that the ICWA does not apply.

The section 366.26 hearing was continued several times. It was eventually conducted on December 12, 2013. After entertaining oral argument, the juvenile court terminated parental rights.

*Appeal*

Father's timely appeal ensued.

## DISCUSSION

The sole issue on appeal is whether the juvenile court erred in terminating father's parental rights for failure to comply with the requirements of the ICWA.

"The ICWA, enacted by Congress in 1978, is intended to 'protect the best interests of Indian children and to promote the stability and security of Indian tribes and families.' [Citation.] 'The ICWA presumes it is in the best interests of the child to retain tribal ties

---

[4]    In its report for the six-month review hearing, the Department of Children and Family Services (DCFS) reported that ICWA did not apply. It noted the same in subsequent reports.

[5]    Father filed a petition for extraordinary writ challenging the juvenile court's order made at the 12-month review hearing. In that petition, he did not raise any issues regarding ICWA. (*Stacy K. v. Superior Court* (Mar. 29, 2013, B246299) [nonpub. opn.].)

3

and cultural heritage and in the interest of the tribe to preserve its future generations, a most important resource.' [Citation.]

"'The ICWA confers on tribes the right to intervene at any point in state court dependency proceedings. [Citations.] "Of course, the tribe's right to assert jurisdiction over the proceeding or to intervene in it is meaningless if the tribe has no notice that the action is pending." [Citation.] "Notice ensures the tribe will be afforded the opportunity to assert its rights under the [ICWA] irrespective of the position of the parents, Indian custodian or state agencies." [Citation.]' [Citation.]" (*In re Karla C.* (2003) 113 Cal.App.4th 166, 173–174; see also *In re H.A.* (2002) 103 Cal.App.4th 1206, 1210.)

The ICWA contains the following notice provision: "In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention. If the identity or location of the parent or Indian custodian and the tribe cannot be determined, such notice shall be given to the Secretary in like manner, who shall have fifteen days after receipt to provide the requisite notice to the parent or Indian custodian and the tribe. No foster care placement or termination of parental rights proceeding shall be held until at least ten days after receipt of notice by the parent or Indian custodian and the tribe or the Secretary: *Provided,* That the parent or Indian custodian or the tribe shall, upon request, be granted up to twenty additional days to prepare for such proceeding." (25 U.S.C. § 1912(a).)

We agree with father that the ICWA notice requirements were triggered and were not satisfied. (25 U.S.C. § 1912(a); see, e.g., *In re Kahlen W.* (1991) 233 Cal.App.3d 1414, 1422; *In re Antoinette S.* (2002) 104 Cal.App.4th 1401, 1408 (*Antoinette S.*); *In re Nikki R.* (2003) 106 Cal.App.4th 844, 848.) On June 14, 2011, Wanda appeared at the detention hearing and advised the juvenile court that father's family had Cherokee Indian ancestry. No further inquiry regarding the children's potential Indian ancestry was made. And, despite Wanda's information, there are no ICWA notices in the appellate record.

4

While we are sympathetic to the children's need for stability, and are frustrated by father's delay in raising this issue, we reject DCFS's claim that father waived the issue of ICWA notice by failing to raise it earlier. DCFS relies on *In re Pedro N.* (1995) 35 Cal.App.4th 183, which held that a parent can waive an ICWA notice claim by failing to raise it in a timely appeal and then seeking to raise it for the first time in a later appeal. (*Id*. at pp. 189–190.) But, we agree with the view taken in *In re Marinna J.* (2001) 90 Cal.App.4th 731, which questioned the conclusion reached in *In re Pedro N.* and observed that "it would be contrary to the terms of [ICWA] to conclude . . . that parental inaction could excuse the failure of the juvenile court to ensure that notice . . . was provided to the Indian tribe named in the proceeding." (*In re Marinna J.*, *supra*, at p. 739; see also *Dwayne P. v. Superior Court* (2002) 103 Cal.App.4th 247, 261 (*Dwayne P.*) [rejecting *In re Pedro N.* and holding that the juvenile court had a sua sponte duty to ensure ICWA notice compliance].) "We agree with *In re Marinna J.* and *Dwayne P.* that [father's] failure to raise the ICWA issue now before us does not prevent us from considering the issue on the merits. [Citations.]" (*In re B.R.* (2009) 176 Cal.App.4th 773, 779.)

Because the matter proceeded to disposition prior to a further inquiry by DCFS and notice to the Cherokee tribe, the order terminating father's parental rights must be reversed. The lack of statutory notice requires a limited remand to the juvenile court for the DCFS to comply with notice requirements of the ICWA, with directions to the juvenile court depending on the outcome of such notice. (*In re Brooke C.* (2005) 127 Cal.App.4th 377, 384–385 [holding that the failure to comply with ICWA's notice requirements subjects an order terminating parental rights to reversal]; *In re Nikki R., supra*, 106 Cal.App.4th at pp. 855–856.) If, after the Cherokee tribe receives proper notice under the ICWA, the children are determined not to be Indian children and the ICWA does not apply, prior defective notice becomes harmless error, and the order terminating parental rights can be reinstated. (*Antoinette S.*, *supra*, 104 Cal.App.4th at pp. 1413–1414.)

## DISPOSITION

The juvenile court's order terminating father's parental rights is reversed and the matter is remanded to the juvenile court with directions that the juvenile court shall direct DCFS to comply with the notice provisions of the ICWA.  If the children are determined to be Indian children, a new hearing shall be held.  If they are determined not to be Indian children, the order terminating parental rights shall be reinstated, subject to the juvenile court's consideration of any circumstances that may have arisen during this appeal that may affect the outcome.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
               ASHMANN-GERST

We concur:


_____, P. J.
       BOREN


_____, J.
       CHAVEZ